UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff | : : : : | CIVIL ACTION |
| vs. | : : | NO. 14-6140 |
| GREGORY A. HANCLE, Defendant | : : : | |
| and | : : | |
| NISSAN MOTOR ACCEPTANCE CORP., and NICOLE HANCLE, Interested Parties | : : : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                July 21, 2016

This is a declaratory judgment action filed by Plaintiff State Farm Fire and Casualty Company pursuant to 28 U.S.C. §§ 2201 and 2202, based upon a contract of automobile insurance issued by State Farm to Defendant Gregory Hancle for automobile coverage in the amount of $100,000 per occurrence. State Farm seeks a declaration from this court allowing the denial of a claim due to Mr. Hancle's concealment and misrepresentations about his state residency. State Farm has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Mr. Hancle has not responded.[1] For the following reasons, I will grant the motion, and enter judgment on behalf of State Farm.

---

[1] On June 17, 2015, the Clerk of Court entered default against Mr. Hancle for failure to appear, plead, or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

State Farm issued an automobile insurance policy on January 31, 2014 based upon a representation by Mr. Hancle that he was a resident of Pennsylvania and that his vehicle was garaged in Pennsylvania.  The policy insured Mr. Hancle's 2013 Nissan Pathfinder.  On February 2, 2014, Mr. Hancle was involved in a car accident in Brooklyn, New York, while driving his Pathfinder with Nicole Hancle, his wife, as a front seat passenger.  Ms. Hancle was brought into this action by State Farm as an Interested Party.  State Farm insists that when Mr. Hancle obtained the insurance policy, he was not a resident of Pennsylvania but of New York, and the Pathfinder was not garaged in Pennsylvania but in New York.  State Farm further insists that Mr. Hancle's representation as to his residency was material to the acceptance of the risk by State Farm and upon which State Farm relied in issuing the insurance policy to Mr. Hancle.

State Farm also contends that Ms. Hancle knew of Mr. Hancle's misrepresentation of his residency in New York at the time he made the application and was issued the policy.  At the time of the accident, Interested Party Nissan Motor Acceptance Corporation ("Nissan") held a lien on the Pathfinder.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if the movant clearly establishes that there are no material issues of fact, and that it is entitled to judgment as a matter of law.  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).  A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial.  Id. (quoting FED.R.CIV.P.

2

12(c)).  In deciding a motion for judgment on the pleadings, the court considers the pleadings and exhibits attached thereto, matters of public record, and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents."  Id.  Rule 12(c) motions are reviewed under the same standard that applies to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).  Accordingly, a motion for judgment on the pleadings will be granted if a plaintiff has not articulated enough facts "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  The court "may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); see also Iqbal, 556 U.S. at 678 (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice).

## III. DISCUSSION

A default was entered against Mr. Hancle pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because Mr. Hancle failed to respond to the complaint.  State Farm correctly maintains that a consequence of the entry of default is that the well-pleaded factual allegations of the complaint, except those relating to the amount of damages, must be viewed as admitted and accepted.  J&J Sports Prods. v. Cruz, 2015

U.S. Dist. LEXIS 64757, *7 (E.D. Pa. May 18, 2015) (citing Eastern Elec. Corp. v. Shoemaker Const. Co., 652 F.Supp. 2d 599, 605 (E.D. Pa. 2009)); see also Coastal Mart. Inc. v. Johnson Auto Repair, Inc., 2001 U.S. Dist. LEXIS 2645, *7 (E.D. Pa. March 14, 2001) (quoting Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). Accordingly, I will accept as true the following well-pleaded factual allegations in State Farm's complaint:  On January 31, 2014, Mr. Hancle signed an application for insurance for his new 2013 Nissan Pathfinder.  See Compl. ¶ 9.  At that time, Nissan held a lien on the Pathfinder pursuant to a loan issued to Mr. Hancle for the purchase of the Pathfinder. Id. at ¶ 10.  On this application for insurance, Mr. Hancle represented that he was a resident of Pennsylvania with an address of 2221 Fox Run, Easton, Northampton County, Pennsylvania.  Id. at ¶ 11.  Based on that representation, State farm issued a policy of insurance to Mr. Hancle and established the insurance premiums based upon the risks of a Pennsylvania resident.  Id. at ¶ 12.  On February 2, 2014, Mr. Hancle was involved in an automobile accident in Brooklyn, New York, and presented a claim to State Farm under the insurance policy.  Id. at ¶ 13.  At the time of the accident, Mr. Hancle was driving the Pathfinder and his wife was a front seat passenger with him.  Id. at ¶¶ 14-15. On March 1, 2014, Ms. Hancle submitted an application for motor vehicle no-fault benefits.  Id. at ¶ 16.  On March 24, 2014, State Farm conducted a Statement Under Oath of Defendant, pursuant to the provisions of the policy, where Mr. Hancle testified that: his wife and four children reside at 1198 Park Place, Brooklyn, New York; he is employed at D&G Construction in Brooklyn, New York; he and his mother-in-law jointly own the house at 1198 Park Place Brooklyn, New York; his tax returns list his residence

as 1198 Park Place in Brooklyn; in 2008, he moved to Pennsylvania and began residing with his sister at 2221 Fox Run, Easton, Pennsylvania because of marital discord; and since July 2013, his primary residence has been in Brooklyn, New York.  Id. at ¶ 17.  Nicole Hancle also knew of her husband's misrepresentation and concealment concerning his New York residency at the time Mr. Hancle made the application for the insurance policy.  Id. at ¶ 31.

A further review of the transcript of the Statement Under Oath also reveals that Mr. Hancle has a Pennsylvania driver's license.  See Notes of Testimony 3/24/14 at 9 (Document #17-3 at 5).  Mr. Hancle also testified that he was not certain if he was registered to vote in Pennsylvania, but he knows that "[he does] jury duty and stuff in Pennsylvania."  Id. at 12.  The last time he voted, however, was in New York.  Id.

State Farm argues that it relied upon Mr. Hancle's misrepresentation of his residency when it issued the insurance policy on his 2013 Pathfinder.  Mr. Hancle indicated on the application that he was a resident of Pennsylvania, when in fact he was a resident of New York.  This was a misrepresentation of a fact which was material to State Farm's acceptance of the risk.  As support for its position for denying coverage, State Farm quotes the following language found in the insurance policy in effect on the date of the accident:

> **11.  Concealment or Fraud**:  There is no coverage under this policy if you or any other person insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

See Document #1-9 at 6 (representing page 42 of the State Farm insurance policy).

Pennsylvania's Act 78[2] provides that an insurance policy cannot be cancelled except under certain enumerated circumstances.  Prime Ins. Syndicate v. Phila. Motor World Auto Serv., 138 Fed. Appx. 436, 438-439 (3d Cir. 2005).  As recognized in Erie Insurance Exchange v. Lake, 543 Pa. 363, 671 A.2d 681 (Pa. 1996), one of those instances is when an insurer discovers, within sixty days of issuing the policy, that the insured has concealed or misrepresented a fact material to the insurer's acceptance of the risk.  In Evan, the Supreme Court of Pennsylvania reviewed the following language of Act 78, 40 P.S. § 991.2004 in determining whether an automobile insurance policy could be terminated:

> An insurer may not cancel a policy except for one or more of the following specified reasons: . . . (3) A determination that the insured has concealed a material fact, or has made a material allegation contrary to fact, or has made a misrepresentation of a material fact and that such concealment, allegation or misrepresentation was material to the acceptance of the risk by the insurer.

Erie, 543 Pa. at 369.  The Court then found

> "as a matter of common sense and public policy, that it would indeed be absurd to interpret Act 78 as permitting a person to financially benefit from his own illegal act of fraud.  Therefore, an insurer may rescind a policy of insurance as to the actual perpetrator of the fraud where the fraud could not reasonably have been discovered within the 60-day period immediately following the issuance of the policy; limited to those instances where the undiscovered fraud was of such a nature that is clear that an insurer would never have accepted the risk

---

[2] Act 78 is a comprehensive legislative enactment regulating the writing, cancellation of, or refusal to renew policies of automobile insurance.  The Act was found at 40 P.S. § 1008.1, *et. seq.*, when promulgated on June 5, 1968.  It was repealed on June 17, 1998, and now is found at 40 P.S. § 991.2001, *et seq.*

>    inherent in issuing the policy. To find otherwise would
>    be to interpret Act 78 as intending an absurd result."

Id. at 373-374.

Pennsylvania's Supreme Court also held in Erie, however, that an insurance policy procured by fraud, while able to be cancelled as to the insured who perpetrated the fraud, may not, by reason of public policy, be cancelled or rescinded as to third parties "innocent of trickery, and injured through no fault of their own." Id. at 375; see also State Farm Mut. Auto Ins. Co. v. Armstrong, 949 F.2d 99 (3d Cir. 1991) (anticipating the holding in Erie). The Third Circuit Court of Appeals, however, interpreted Erie's statement of public policy as derived from the legislative intent that the Supreme Court of Pennsylvania was able to discern from Act 78, and accordingly concluded that Pennsylvania courts would not mandate coverage for reasons of public policy where coverage does not otherwise exist. Prime Ins. Syndicate, 138 F.App'x at 438 (citing Czarnecki v. Delco Cab, Inc., 276 Pa. Super. 148, 419 A.2d 139 (Pa. Super. 1980)) (refusing in the absence of a clear legislative intent to impose absolute liability on insurer for injury to innocent third parties where taxi company failed to list the injuring vehicle as required by the policy). Here, State Farm discovered within sixty days of issuing the policy to Mr. Hancle, that Mr. Hancle had misrepresented his residency on his application. Pennsylvania insurance law and in fact the language of the policy itself allow for the denial of coverage and cancellation of the policy under such circumstances of fraud.

Nissan filed a response to State Farm's motion for judgment on the pleadings.  It argues that "in ruling on a Rule 12(c) motion, the court is required to view the allegations of the complaint as true and the facts presented in the pleading and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." See Document #17-1 at 2.  Nissan insists that "there is a material issue of fact that remains to be resolved, namely, whether G. Hancle's primary residence was still at 2221 Fox Run, Easton, Pennsylvania, wherein he testified that he lived in January 2014, when the subject policy was created." See Document #17 at 6.  While the standard Nissan cites is correct, its conclusion is not.  There are no inferences left in this action to be drawn, and no material issues of fact to be resolved.  The well-pleaded factual allegations in State Farm's complaint are considered admitted, and I accept them as true.  Further, a review of the insurance policy shows that any coverage for Nissan's interest is only provided for a loss that is payable to Mr. Hancle.[3]  See Document #1-8 at 12 (representing page 36 of the State Farm insurance policy).  Thus, if State Farm can assert a defense against Mr. Hancle, then State Farm can assert the same defense against Nissan.  Cardwell, 804 A.2d at 24.  Pennsylvania courts would not mandate coverage for reasons of public policy where coverage does not otherwise exist.  Prime Ins. Syndicate, 138 F.App'x at 438.

---

[3] The exact language of the relevant provision of the insurance policy is: "Financed Vehicle. If a creditor is shown on the Declaration page, then any comprehensive coverage or collision coverage provided by this policy applies to that creditor's interest in *your car*. Coverage for the creditor's interest is only provided for a *loss* that is payable to *you*." (Emphasis in original). This language supports State Farm's assertion that this clause is a "simple loss-payable clause," rather than a "standard payable clause." The simple loss-payable clause places the lienholder in the shoes of the insured. See Cardwell v. Chrysler Fin. Corp., 804 A.2d 18 (Pa. Super. 2002). The lienholder is simply a party appointed to receive the insurance proceeds to the extent of its interest, and its right to recovery is no greater than the right of the insured. Id. Thus, because Mr. Hancle has no right to recover here, Nissan also has no right to recover.

8

Here, accepting the well-pleaded factual allegations in the complaint as I must, Mr. Hancle made false representations on his application of insurance as to his residency, and Ms. Hancle knew at the time she submitted her Application for Benefits that the representations were false. They both were aware that the misrepresentation was material to the risk being accepted by State Farm. Further, because the loss or damage to the vehicle would not be payable to Mr. Hancle, the coverage for the loss or damage to the vehicle is also not payable to Nissan as the lienholder. Accordingly, I agree with State Farm that any claims for coverage by Mr. Hancle and Ms. Hancle for the motor vehicle accident of February 2, 2014 should be precluded. I will grant the motion for judgment on the pleadings, and declare that State Farm has no duty or obligation pursuant to the automobile insurance policy issued to Mr. Hancle to provide any coverage under the policy to Mr. Hancle, Ms. Hancle, and/or Nissan for any claims for coverage stemming from the February 2, 2014 automobile vehicle accident in Brooklyn, New York.

An appropriate Order follows.